UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

KENNETH P. LEHNERT,					Case No. 07-55988
KIMBERLY A. LEHNERT,
								Chapter 13
			Debtors.
_____/		Hon. Walter Shapero

MARIANNE SADEK, as conservator for
Kathleen G. Lehnert,

		Plaintiff,

v.									Adv. Pro. No. 08-4523

KENNETH P. LEHNERT, et al.

		Defendants.
_____/

**OPINION DENYING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' *Motion to Dismiss*, Docket No. 4, which argues that the complaint was not timely filed. Plaintiff filed a Response opposing the Motion to Dismiss and a hearing was held. At the conclusion of the hearing, the Court took the matter under advisement with this Opinion to follow.

**I.**

The debtors in the underlying bankruptcy case, Kenneth and Kimberly Lehnert, filed a joint voluntary petition under chapter 13 on August 15, 2007. On August 21, 2007, the Bankruptcy Court issued a notice scheduling the § 341 meeting and setting November 26, 2007 as the deadline for § 523 complaints. Prior to the occurrence of this deadline, on October 18, 2007, the case was dismissed. Debtors thereafter filed a motion to reinstate the chapter 13 case and the Court ordered the case reinstated on December 18, 2007.

On December 20, 2007, the Court issued a notice scheduling a new § 341 meeting and

setting March 31, 2008 as the new deadline for § 523 complaints.  This new notice incorrectly stated that the reinstated case was a chapter 7, and so, on January 17, 2008 the Court issued a notice to disregard the December 20 notice.  The Court thereafter issued another new notice, setting yet another new § 341 meeting, however, this notice failed to include a deadline for § 523 complaints.[1]

On May 2, 2008, Plaintiff filed her adversary complaint objecting to discharge under § 523.  In lieu of an answer, Defendants filed the instant Motion to Dismiss alleging that the complaint was not timely.  The issue is whether the two previous deadlines for dischargeability complaints (one which was pending at the time of dismissal of the chapter 13 case and the other being mistakenly set as part of a chapter 7 schedule to which a subsequent notice to disregard was filed) are of any effect when a deadline for dischargeability complaints is not included in the notice of 341 hearing or elsewhere on the docket?

## II.

---

[1] The following is a timeline of events:

| Date | Event |
|---|---|
| 08/15/07 | Chapter 13 petition filed |
| 08/21/07 | Docket Entry 11 sets 341 meeting for 09/25/07 and sets 11/26/07 deadline for 523 objections. |
| 09/25/07 | 341 meeting adjourned to 10/09/07 |
| 10/10/07 | Docket Entry – 341 not held |
| 10/18/07 | Docket Entry 29 - Order Dismissing Case Upon Affidavit of the Trustee |
| 10/23/07 | Debtors file motion to reinstate chapter 13 case |
| 12/18/07 | Order to Reinstate Case |
| 12/20/07 | Mistaken docket entry that case has been converted to chapter 7; 341 scheduled for 01/30/08 and dischargeability objection deadline of 03/31/08 |
| 01/17/08 | Notice to disregard 341 scheduling notice of 12/20.  Convert Case (note: prior conversion was in error. Case remains as a chapter 13) |
| 01/23/08 | Notice of Correction of Notice of First Meeting of Creditors – 341 scheduled for 03/04/08, dischargeability complaint deadline not mentioned in Notice |
| 05/02/08 | Adversary complaint filed |

Defendants advance four alternative theories in support of their argument that the complaint was not timely filed and the case should be dismissed: (1) the November 26, 2007 deadline originally set (prior to the case being dismissed and reinstated) should control; (2) alternatively, the March 31, 2008 deadline set in the chapter 7 notice of 341 hearing (which a notice to disregard was subsequently entered for) controls; (3) alternatively, the deadline should run 60 days from January 23, 2008, the date on which the Notice of Correction of Notice of First Meeting of Creditors was entered; and, finally, (4) if Plaintiff is entitled to any equitable tolling of the deadline, such period should build on the amount of time that had passed on the premature termination of the earlier period and not reset. Plaintiff argues that the deadline for dischargeability complaints should be 60 days from March 4, 2008, the date on which the 341 hearing was scheduled following reinstatement of the case.

### **III.**

Bankruptcy Rule 4007(d) provides, in pertinent part,

> On motion by a debtor for a discharge under § 1328(b), the court shall enter an order fixing the time to file a complaint to determine the dischargeability of any debt under § 523(c) and shall give no less than 30 days' notice of the time fixed to all creditors in the manner provided in Rule 2002.

In turn, Rule 2002(f) provides,

> Except as provided in subdivision (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, all creditors, and indenture trustees notice by mail of: … (5) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007…"

The above rules establish two pertinent requisites: (1) the court sets the deadline for 523(c) objections in chapter 13, and (2) the clerk or some other designated person must give notice of the deadline.

Here, a deadline was never set and notice was never provided. While dischargeability deadlines had been set on two previous occasions, both were rendered inoperative prior to their occurrence. The first such deadline, November 26, 2007, did not occur prior to the case being dismissed. The second deadline, March 31, 2008, was set as part of a mistaken chapter 7 notice. This second deadline was cancelled by the Clerk's January 17, 2008 "NOTICE TO

DISREGARD PREVIOUS NOTICE OF Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines." (Dkt. # 43). Subsequently, a "NOTICE OF CORRECTION OF NOTICE OF MEETING OF CREDITORS" was entered setting the 341 hearing for March 4, 2008, however, a deadline for dischargeability complaints was not set.

Both parties' arguments include reference to a 60 day period, with the disagreement centering on when such period begins. The argument essentially being that even if the Court didn't set a deadline, there is a formula for determining such deadline. While this is correct in other chapters, it is not so in chapter 13. Rule 4007(c) references a deadline for dischargeability complaints 60 days from the first 341, but this provision only applies to cases in chapters 7, 11, and 12. Rule 4007(d), which covers chapter 13, makes no similar mention of 60 days, but rather provides that the court shall set a deadline.

Since Rules 4007(d) and 2002(f) provide that a deadline must be set and notice of such deadline provided, and such was not done here, the Motion to Dismiss must be denied.

The Court will enter an order consistent with this Opinion.

**Signed on September 30, 2008**

                                              **/s/ Walter Shapero**
                                              **Walter Shapero**
                                              **United States Bankruptcy Judge**